### CLEVELAND (CITY) v. L. T. AND R. F. DENISON.

A CITY ENJOYING THE BENEFITS OF PROPERTY WHICH CANNOT BE READILY RESTORED, MUST PAY FOR THE VALUE OF SUCH PROPERTY.

Where an owner of lands plats them and lays out places which were dedicated and accepted by the village, and afterwards placed water pipes in certain streets in accordance with an agreement with the board of trustees of the waterworks of the village, it being agreed that the village would pay for these pipes, and subsequently said village was annexed to the city of Cleveland, the terms of annexation providing that the city would become liable for the payment of indebtedness and liabilities of the village: *Held*, that the city cannot afterwards resist the payment of this claim, because the village having received the property and enjoyed it, had the benefits of it, passed it over to the city which was in the enjoyment and benefit of that, and, therefore, the city is bound to pay for what the property is worth.

ERROR to the Court of Common Pleas of Cuyahoga county.

MARVIN, J.

The case of the City of Cleveland, plaintiff in error, against L. T. and R. F. Denison, defendants in error, is a case where the two Denisons brought a suit against the city of Cleveland, in the court of common pleas of this county, and a jury was empanelled, and the case was submitted upon an agreed statement of facts, and the court instructed the jury to return a verdict for the plaintiff upon the facts.

It is sought in the proceedings here to reverse that judgment, motion for a new trial having been made, and over-ruled by the court of common pleas.

The facts are, that the plaintiff below being the owners of certain lands in the village of West Cleveland, platted those lands and laid out places which were dedicated to and accepted by the municipal corporation; thereafter, they placed water pipes in certain streets, making an agreement with the board of trustees of the waterworks for the village

of West Cleveland, that if these defendants in error would place such water pipes in these streets, they would be attached to the pipes of the regular waterworks system, of the village and made a part of the waterworks system, and that the village would pay for these pipes; perhaps, no time was fixed, no limited time, but they would pay for them in a reasonable time. Subsequent to this arrangement, pipes were put into the streets; they were attached to the regular waterworks pipes and became a part of the waterworks system of the village; rents were obtained for the use of them by the village, and thereafter the village, by the proper legal proceedings, was annexed to and became a part of the city of Cleveland. Nothing has ever been paid by the village for these water pipes, for the laying of them—an amount of some $1,300.00; and it is agreed in the agreed statement of facts, that the price claimed by the Denisons is a reasonable and fair price for that which was furnished by the Denisons, and that some two or three weeks prior to the annexation of the village to the city, a resolution was adopted by the council of the village in these words:

"Resolved, That the bill of L. T. and R. F. Denison for the sum of $1,362.80 for water pipe laid by them in Davis, Evergreen and Ursula streets, be received, placed on file, and is hereby found and declared to be a valid debt against the village of West Cleveland.

"Adopted February 19, 1894. F. P. Thomas, Clerk."

Another of the facts agreed to in the statement of facts is, that "by the terms of said annexation the city of Cleveland became liable to pay all the indebtedness and liabilities of the village of West Cleveland."

It is urged on behalf of the plaintiff in error that the village of West Cleveland never owed the Denisons for this pipe; that, by reason of sec. 2702, Rev. Stat. of Ohio, a contract made between the waterworks and the Denisons was a void contract; there was no liability on the part of the village, and, therefore, there is none on the part of the city.

Without considering the question raised by the statute which I have mentioned, sec. 2702, and without considering another question that was urged here on the part of the defendants in error, to-wit, that whether that defense could have been made or not by the village, we think it can not be made by the city. That was urged on the part of the defendant in error upon the ground that the city has shown by these ten agreed facts, that by the terms of annexation it became liable to pay all indebtedness and liabilities of the village, and the village having passed a resolution as I have read, the city is estopped from saying that it is not liable to so pay.

Without considering whether that be the law or not we think there is another principle which was urged here upon the part of the defendants in error, which settles this case and which settles it in favor of the defendants in error, and that is, that the village having received the property and enjoyed it, had the benefit of it, passed it over to the city which was in the enjoyment and benefit of that, the city is bound to pay and the village would be bound to pay if suit had been brought for what that property is worth; and it is upon that proposition that the court bases its affirmance of the judgment, and without referring to other propositions, this we think, is so completely settled by the authorities found and cited in 39 Kansas in the case beginning on page 37. There is another case in the same authority, cited to us on the hearing, but this case quotes from many more authorities on the case now being considered. I now read one or two of them.

In Chapman v. County of Douglas, 107 U. S., 348 to 355, is a case where the county of Douglas, Neb., entered into an agreement with a party for certain lands for a poor farm, and such lands were thereafter used as such; part payment was made; finally the county resisted the payment on the ground that the contract was unauthorized, and, in the opinion, the court used the following language:

"In the present case, however, it was not the understanding of the parties that the vendor should await the collection of taxes, as prescribed by the statute, for the payment of the purchase money, but, on the contrary, there was an agreement for the payment in a definite time, without regard to the condition of the county treasury and for security by way of notes and mortgages. The agreement as, we have assumed, so far as it relates to the time and mode of payment, is void; but the contract for the sale itself has been executed on the part of the vendor by the delivery of the deed, and his title at law has actually passed to the county. As the argument between the parties has failed by reason of the legal disability of the county to perform its part, according to its conditions, the right of the vendor to rescind the contract and to a restitution of his title would seem to be as clear as it would be just, unless some valid reason to the contrary can be shown."

As was said by this court in Marsh v. Fulton County, 10 Wall., 676, 684, and repeated in Louisiana v. Wood, 102 U. S., 294, "The obligation to do justice rests upon all persons, natural and artificial, and if a county obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation."

In the case before us, there is no such thing as restoring the property back to the Denisons. The property has been accepted by the village, and by the city, and is a part of the waterworks system of the city of Cleveland and was also a part of the waterworks system of the village. It is a case where there can be no restoration, and unless the equitable right of the parties who furnished this property, can be wrought out by requiring payment to be made, they (the Denisons) would be left remediless, and the parties would be left with the property and pay nothing for it.

There are other cases cited in this 39 Kansas, that we would like to read from, but, without stopping to do so, we hold that the court was right in instructing the jury to return a verdict for the plaintiff, because the defendant has the property of the plaintiff; it had a right to it, but whether it pursued the course pointed out by statutum having the property, it may yet be liable. The agreed statement of facts show that the contract of the parties was fair.

The judgment of the lower court is affirmed.

*Norton, Ford, Boyd* and *Crowl*, attorneys for plaintiffs in error.

*Squire, Sanders & Dempsey*, attorneys for defendants in error.